Worthen v. Gaulin, No. S1546-03 CnC  (Norton, J., June 6, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                        SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S1546-03 CnC



SANDRA WORTHEN

v.

RANDALL GAULIN; NORTHEAST HOSPITALITY
GROUP, INC.; GABRIEL G. HANDY; and JENNIFER
A. HANDY



ENTRY

This case concerns injuries that the plaintiff, Sandra Worthen, incurred as a result of harassing behavior of an occupant of the hotel where she worked.  Worthen has sued her employer, the hotel general manager, and the hotel owner as a result of these injuries, claiming violations of the Vermont Fair Employment Practices Act, 21 V.S.A. §§ 495–496, and the Vermont Occupational Safety and Health Act, 21 V.S.A. §§ 221–232, as well as wrongful discharge,[1] negligent supervision, and intentional infliction of emotional distress.

Northeast Hospitality has issued a subpoena duces tecum to the Vermont Department of Social Services Child Welfare Division/Economic Services in order to obtain documents related to services that Worthen obtained after her employment with

_____

[1] Worthen pleads this claim as "constructive discharge." Because there is no such cause of action, the court assumes she intended to plead "wrongful discharge," which is consistent with the facts set forth in her complaint.

the hotel.  The Department of Child and Family Services (DCF) and Worthen have filed separate motions to quash. DCF argues, first, that there is no such entity identified in Northeast Hospitality's subpoena, and second, that it is prohibited under Vermont law and federal

regulations from providing the information that Northeast Hospitality seeks. Worthen argues that the information that Northeast Hospitality seeks is irrelevant.

As an initial matter, the court assumes that Northeast Hospitality intends to change its subpoena to specify the appropriate agency. According to DCF, the appropriate agency is presumably the Family Services Division of DCF. The court therefore considers the subpoena to identify "the Department of Child and Family Services/Family Services Division," rather than "the Department of Social Services Child Welfare Division/Economic Services."

Turning to DCF's argument that Vermont law prohibits it from releasing the information sought in the subpoena, DCF cites 33 V.S.A. § 111 for authority that it cannot release information about individuals applying for or receiving income assistance. Section 111 provides that "[t]he names of or information pertaining to applicants for or recipients of assistance or benefits . . . shall not be disclosed to anyone, except for the purposes directly connected with the administration of the department or when required by law." The Vermont Supreme Court has held that this provision does not create an evidentiary privilege. In re F.E.F., 156 Vt. 503, 514 (1991). "The general confidentiality statute gives way when disclosure is provided by law, which covers mandated disclosure for use in a court proceeding." Even were the court to assume that all the information that Northeast Hospitality seeks is covered under the § 111 confidentiality provision, it would still be subject to discovery. Just because the information is confidential does not mean it is privileged from discovery.

DCF also argues, however, that federal regulations governing the state administration of federal funds also prohibit it from releasing the information sought. Specifically, these regulations require that state agencies "restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administra-tion of [the state plan for administering federal aid]." 42 C.F.R. § 431.301 (2004). State agencies "must have criteria that govern the types of information about applicants and recipients that are safeguarded." Id. § 431.305(a). Such criteria must

include, among other information, names and addresses, medical services provided, social and economic conditions or circumstances, agency evaluation of personal information, medical data, and information received for verifying income. Id. § 431.305(b)(1)–(6). "If a court issues a subpoena for a case record or for any agency representative to testify concerning an applicant or recipient, the agency must inform the court of the applicable statutory provisions, policies, and regulations restricting disclosure of information." Id. § 431.306(f).

These regulations merely indicate that the information sought is confidential. They do not expressly create an evidentiary privilege. The court will not infer a privilege unless an evidentiary statute or rule strongly implies the privilege. See F.E.F., 156 Vt. at 514 ("Because evidentiary privileges directly undercut the truth-seeking function of court proceedings, we will not construe a confidentiality statute as creating an evidentiary privilege unless the intent to do so is clear."); see also In re Grand Jury Subpoena Duces Tecum, 2001 WL 896479, *4 (W.D. Va. 2001) (holding that provisions of 42 C.F.R. §§ 431.300–431.307 do not create evidentiary privileges and "address only the appropriate agency response" to request for information in legal proceeding); F.E.F., 156 Vt. at 512 n.4 (holding that similar federal regulations, 45 C.F.R. § 1340.14(i), do not establish evidentiary privileges).

Accordingly, DCF has not demonstrated that the information which Northeast Hospitality seeks in its subpoena is privileged, and therefore, the court will not quash the subpoena on the ground that it seeks confidential information.[2] If DCF so desires, however, the court will review the documents in camera and entertain a motion for a protective order in order to protect the confidentiality of certain information with the documents pursuant to V.R.C.P. 26(c).

_____

[2] Although not raised by the parties, the court notes that the information may fall under a common law "required reports" or "confidential reports" privilege covering some government documents with information required from citizens. See In re Grand Jury Subpoena Duces Tecum, 2001 WL 896479 at *4. Such a privilege fails here, though. First, Vermont law has not adopted it. The closest privilege adopted in Vermont is the government investigation privilege, V.R.E. 509; Douglas v. Windham Sup. Ct., 157 Vt. 34, 40–41 (1991), which is not applicable. Second, even if the court were to adopt a common law "required reports" privilege, the privilege generally requires a statutory instruction that information in the "required report" be privileged and inadmissible in court. 1 Michael H. Graham, Handbook of Federal Evidence § 502.1 (2001). As discussed above, no such express statutory requirement exists here.

With respect to the relevance of the information, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. Relevant evidence at the discovery stage is not limited to evidence related to the issues formulated in the case. Rather, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." V.R.C.P. 26(b)(1); see also 9A C. Wright & A. Miller, Federal Practice and Procedure § 2459, at 42–45 (1995) ("The scope of production under a subpoena that is incorporated by reference in Rule 45 to Rule 26(b) is exceedingly broad.").

Hence, Northeast Hospitality need only offer some reason as to why the information it seeks from DCF is relevant to the general subject matter of this suit. Northeast Hospitality argues that information regarding Worthen's receipt of public assistance is helpful in obtaining Worthen's complete employment history and her character for truthfulness. With these reasons, Northeast Hospitality has met its minimal burden, here.

ORDER

For the foregoing reasons, DCF's motion to quash is DENIED and Worthen's motion to quash is DENIED.


Dated at Burlington, Vermont, June 6, 2005.


_____/s/_____
Richard W. Norton     Judge